Henry Epstein, J.
In this action plaintiff corporation, operating a 11 bottle club ” as a membership corporation, seeks to enjoin defendants from picketing in front of the premises at 19 East 54th Street, New York City. The “ club ” has over 700 members who utilize its facilities, consisting of dining rooms, meeting rooms, lockers, showers, gymnasium and bar (but without license to dispense liquor). Plaintiff did not begin operations until its opening party for members and guests on October 26, 1959. Actual operations began oh the morning of October 27, 1959. Prior thereto, learning of the proposed opening and preparations for the operations, defendant union through its authorized officer offered to plaintiff a proposed contract for its prospective employees. Plaintiff’s manager after conferring with its president and governing board refused to consider the proposed unionization of its employees. By October 26 the employees were already engaged for the informal opening “ party ”.
Some three or four pickets from defendant union peacefully walked in front of plaintiff’s premises from the opening on October 26 and continue to this date. Presently there are two pickets, peacefully operating in front of the premises bearing *396 signs with some such language as “ Carriage Club Employees Join Our Union For Better Conditions and Wages ”, and “ Carriage Club does not employ Union Help ”. Both these statements, according to the testimony of both the manager and president of plaintiff, are peacefully carried. The second is literally true. The first is an appeal which cannot be said to violate either public decency or public peace. Plaintiff employs some 70 to 80 employees in various capacities, including about 21 “hostesses ”, whose admitted functions include waiting on table and carrying drinks from the bar to the members’ and guests’ tables. The members supply their own alcoholic beverages in ‘1 bottles ’ ’ and drinks are mixed at the bar for the “hostesses” to carry to the tables or elsewhere as desired. Members have ‘£ unlimited guest privileges ’ ’.
The only witnesses heard were the two furnished by plaintiff, the substance of whose testimony is hereinabove set forth. Present here is what this court considers a proper ‘ ‘ labor dispute ” within the clear definition of section 876-a (subd. 10, par. [c] of the Civil Practice Act, 11 regardless of whether or not the disputants stand in the relation of employer and employee ’ ’. Picketing for organizing employees has repeatedly been upheld (Exchange Bakery & Restaurant v. Rifkin, 245 N. Y. 260; May’s Furs & Ready-To-Wear v. Bauer, 282 N. Y. 331, particularly 339-340; Wood v. O’Grady, 307 N. Y. 532; Mighty Knitting Mills v. Sinensky, 12 Misc 2d 657).
Plaintiff’s presentation of a statement prepared by counsel and signed at plaintiff’s manager’s instance by the 20 odd “ hostesses ”, that they did not desire to join defendant union is hardly enough to bar the peaceful picketing for organizational purposes. Nor does this court find any contrary precedent in S. & H. Grossinger v. Burke (124 N. Y. S. 2d 40) relied on by plaintiff. There the signs were not only found to be untruthful, but there another union whose employees were already engaged was an adversary party. No such situation do we find in the instant case. This court does not believe it necessary to discuss the field of operations under the National Labor Relations Act, since the facts here presented do not warrant the injunctive relief sought under established and applicable law of New York State.
Complaint dismissed, with costs.